Mason, J.
The Court made the following finding:
“UPON ALL THE EVIDENCE, I find that the plaintiff and defendant made a contract to exchange certain livingroom suites on May 8, 1933. I find that the defendant has broken this contract, but I can not find that the plaintiff has been substantially damaged by the breaking of the contract, since the only evidence produced as to fair market value was $175.00 as testified to by the plaintiff of the sold so-called tapestry suite, and as to the fair value of the suite to be sent in exchange, the only evidence as introduced by the defendant was placed at $100.00. I therefore find for the plaintiff and assess damages in the sum of One ($1.00) Dollar. “Certain Requests for Rulings were filed by the defendant. I give the rulings in so far as they are consistent with my finding and deny all others.”
*475 The requests for rulings were numerous, and it is not easy to determine from the language of the Trial Court exactly what rulings were given and what were refused. The plaintiff in its'brief raises four issues, as follows:
I The agreement of exchange was an agreement of sale, and subject to the Sales Act.
II Title to the ‘ ‘ old tapestry suite ’ ’ passed from the Plaintiff to the Defendant.
ITT The consideration to be received by the Plaintiff for the “old tapestry suite” was a “new mohair suite,” which consideration failed.
IV The measure of damages is the contract price, and not merely the difference in value. On failure of consideration, the contract price here is the value of the mohair suite.
It is not clear that the first of these issues is contrary to the ruling of the Trial Court. In any event it requires no discussion here as it is conceded by both parties that their rights are to be determined by the principles of law laid down in the Sales Act, G. L. (Ter. Ed.) ch. 106.
The second issue is whether or not the title to the tapestry suite passed to the defendant. This question involves the interpretation of the following memorandum, which was reduced to writing by the agent of the defendant, but was apparently not signed by either party.
Date: May 8, 1933
“Order No. 397 Enterprise Uph. Co. Boston
Ship to: Union Furn. Co.
At Worcester, Mass.
How ship: F. O. B. Boston Salesman: Mrs. M. M. -S.
When: at once Buyer: Mr. Gr.
1 6041/984 Tap. all covered reverse cushion Mohair welts $100.00
1 6039/Walnut mohair all covered 400 Tex. frieze reverse in exchange for 4000/tap. of long ago— Pick up suit for repair — ”;
The first item on this memorandum is not in any way involved in the present action.
*476 The pertinent sections of Gk L. (Ter. Ed.) ch. 106 are as follows -
“Section 20 (1) If the contract is to sell specific, or ascertained goods, the property therein passes to the buyer at such time as the parties to the contract intend.
(2) For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade, and the circumstances of the case.
Section 21. Unless a differe'nt intention appears, the following rules for ascertaining the intention of the parties as to the time when the property in the goods is to pass to the buyer shall govern:
Rule 1. If there is an unconditional contract to sell specific goods, in a deliverable state, the property in the goods passes to the buyer when the contract is made, and it is immaterial whether the time of payment or the time of delivery or both, be postponed.”
In accordance with these rules the title to the tapestry suite passed at once to the defendant, unless there is something in the evidence to show a different usage of trade, or a different agreement of the parties. Our attention has not been called to any such evidence. The question whether a certain truckman who actually took the tapestry suite from the plaintiff was the agent of the plaintiff or of the defendant has nothing to do with this issue.
The third and fourth issues are to be considered together, and in fact they logically depend on the ruling which we have just made that the title to the tapestry suite passed to the defendant. Having parted with its goods the plaintiff is entitled to recover the agreed price, to wit, the mohair suite. Failing to recover that suite, the measure of the plaintiff’s damage for breach of the contract is the fair market value of the mohair suite. It was prejudicial error to limit the plaintiff to the recovery of nominal damages, and there must be new trial upon the question of damages only.